UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
Buffalo Division

LINDA M. JOHANSEN,

PLAINTIFF,

V.

HARLEQUIN HDC,

DEFENDANT.

Civil Action No.

_____

Jury Trial Demanded

## COMPLAINT

Plaintiff, Linda M. Johansen, alleges as follows:

## THE PARTIES

1.      The Plaintiff, Linda M. Johansen, is a natural person, over forty (40) years of age, and has a disability cognizable under the Americans with Disabilities Act and the Rehabilitation Act, with a place of residence in Niagara County, New York.

2.      The Defendant, Harlequin HDC, is a Canadian based book publisher based in Toronto, Canada, with its mailing address as Harlequin, P.O. Box 603, Fort Erie, ON L2A 5X3. The Defendant has national offices for the United States with mailing address at Harlequin HDC, P.O. Box 9049 Buffalo, NY 14269-9049.  The Defendant maintains a distribution center located at 3010 Walden Avenue, Depew, New York 14043.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5 and 28 U.S.C. §§ 1331 and 1343.

4.      Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 1391(b) in that the Plaintiff lives in the Western District of New York, and facility at which the Plaintiff worked for the Defendant is located in the Western District of New York, and

a substantial part of the acts or omissions giving rise to the claim occurred in the Western

District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Plaintiff, has exhausted all administrative remedies prerequisite to bringing this

claim as follows:

6.      On October 11, 2019 the Plaintiff filed a charge of discrimination with the New

York State Division of Human Rights (NYSDHR) alleging unlawful discriminatory practice

relating to employment in violation of Article 15 of the Executive Law of the State of New York

(Human Rights Law) because of Disability, Age and Opposed Discrimination/Retaliation. The

matter was assigned NYSDHR Case Number 10204245.

7.      The matter was cross filed with the United States Equal Employment Opportunity

Commission (EEOC) and given Federal Charge Number 16GB000145.

8.      On April 27, 2020 the New York State Division of Human Rights issued a

Determination and Order After Investigation which found No Probable Cause and the matter was

dismissed and the NYSDHR file was closed.

9.      The Plaintiff timely requested EEOC review of the NYSDHR findings. The

EEOC issued a Dismissal and Notice of Rights on September 4, 2020 which date results in a

final date to file a claim in federal court of December 3, 2020.

## FACTUAL BACKGROUND

**General Background**

1.      Linda M. Johansen, the Plaintiff, was hired by Defendant, Harlequin HDC on

January 3, 2005 as the Traffic Supervisor and then was promoted to the Logistics Manager.

2

2.      Plaintiff's duties included, but are not limited to, overseeing shipping and receiving and supervising employees.

3.      Plaintiff's date of birth is 8/24/58.

4.      Plaintiff disabilities under the defined ADA.

5.      Plaintiff is diagnosed with severe depression and incurred a knee injury in September of 2016 and a back injury at work in June of 2017.

6.      Plaintiff was qualified for her job and was able to perform the essential duties of her job with reasonable accommodations.

7.      Plaintiff has been subjected to a hostile work environment due to my age and disability.

8.      Plaintiff has been retaliated against which resulted in her termination on October 15, 2018.

9.      Plaintiff was out of work on a medical leave for her injured back from August of 2017 and returned to work the first week of February 2018.

10.     On December 14, 2017 Plaintiff called Val Salatino, Sr. Human Resource Business Partner, to supply an update about her medical leave.  Ms. Salatino replied by asking Plaintiff, "Linda, let me ask you a question, do you need to work?"  This comment was taken as a threat, and discriminatory.

11.     In January of 2018 Plaintiff was approved for knee surgery.

12.     In the same month, while out on medical leave, Plaintiff received a phone call from Rhonda Porth, Director of Finance and Logistics, stating that upon her return Plaintiff's hours will change to 8:00 AM – 4:30 PM, despite Plaintiff's team working from 6:00 AM – 4:00 PM. Plaintiff

was now not allowed to work earlier than 8:00 AM.  The change in hours is retaliation and harassment due to Plaintiff's disability.

13.     Ms. Porth added during this conversation, "Sorry on the time, but 5+ months is a long time.  I think we need to chat before you dive back in."  This was harassment was based on Plaintiff's disability and shows to Defendant's discriminatory and retaliatory intent.

14.     Just prior to Plaintiff's return to work she was told that Kathy Wess, who was Plainitiff's direct supervisor, was terminated but was made to stay for two (2) weeks in order to receive a severance.  Upon information and belief, Ms. Wess was in her fifties (50's).  The dismissal of Ms. Wess in an indication of a pattern and practice of age discrimination by the Defendant.

15.     Plaintiff returned to work on February 5, 2018.

16.     Upon Plaintiff's return she was provided a reasonable accommodation as she was allowed to park her car near her office in a designated spot.  She was also allowed to drive a golf cart in the warehouse so she could get around easier while healing from knee injury, and her severe back pain.

17.     Plaintiff also had a conversation with Ms. Porth about adjusting her hours to 7:00 AM – 2:30 PM to accommodate her massage therapy appointments during recovery, which was approved.

18.     In March 2018 Plaintiff took a medical leave for 2 weeks (March 7-21) for surgery on her knee.

19.     On March 6, 2018 at 7:00 PM, Ms. Porth emailed Plaintiff a "to do" list despite her knowing she was no longer at work and also knowing that Plaintiff would be out for medical leave for the next two (2) weeks.

20.     While Plaintiff was out for the two (2) weeks she continued to receive phone calls and text messages from Ms. Porth and Angela Bennett, a subordinate of Plaintiff, while she was recovering from surgery.

21.     On March 21, 2018 Plaintiff retained an attorney for Workers' Compensation.

22.     In April 2018 Ms. Porth told Plaintiff she could no longer park her car by her office and that she could not use the golf cart to get around the warehouse.   Both reasonable accommodations were stripped away from Plaintiff with no explanation.  This was retaliation and discriminatory.

23.     Respondents did not engage in any interactive process to assist in a reasonable accommodation.

24.     In April 2018 Becky Brubaker, General Manager, sent an email asking who is going to Toronto for the monthly meeting.  Plaintiff responded that she would go, only to be told by Ms. Porth that she was not allowed to attend.  In the email it was expressed that they were "hoping for a good turnout."  This was retaliatory and discriminatory.

25.     On April 16, 2018 Plaintiff went to a meeting early, and upon her arrival she noticed the meeting had just concluded.  Plaintiff asked Ms. Porth why she was not included in the earlier meeting as she typically would have been.  Ms. Porth told Plaintiff it was their first meeting, however Plaintiff learned later from Liz Ball, Manager of Workforce Planning, that they had been meeting for two (2) months.  Plaintiff was not included for discriminatory and retaliatory reasons.

26.     On May 28, 2018 Plaintiff was out of work for an epidural and had to miss a business review meeting.  Upon her return Ms. Porth verbally reprimanded Plaintiff for not providing updates for the meeting.  Later Plaintiff learned that during the meeting they had not gotten to her area and an update would not have been necessary.  They also did not get to another

manager's area during the meeting.  This shows that Plaintiff that missing the meeting for medical

reasons and not providing an update should not have resulted in a verbal reprimand by Ms. Porth.

27.     In May of 2018 Ms. Brubaker, General Manager, gave an update on organization

changes.  Plaintiff was presented with an organizational chart.  This showed different projects and

who was assigned to them, along with who reports to whom.  Plaintiff was left off with no assigned

project and with no one under her.

28.     On June 2, 2018 Plaintiff requested a vacation day for June 7th.  Ms. Porth told her

she would only approve her vacation day if she completed her "to do" list prior.  This ultimatum

from Ms. Porth is against Defendant's company policy and is evidence that the Plaintiff was

targeted and retaliated against.

29.     On June 6, 2018 Robert Lewis, Project Manager, was "downsized."  He too was

out for medical reasons.  Mr. Lewis had 3 performance documents.  Mr. Lewis was offered a

severance.  Mr. Lewis, upon information and belief, never made a complaint or had a Workers'

Compensation case for his back injury.  This shows disparate treatment based on sex and shows

Defendant's retaliatory intent towards Plaintiff.

30.     On June 7, 2018 Plaintiff had a meeting with Ms. Porth and Mr. DiCerbo, Director

of Human Resources, in which they discussed additional responsibilities such as when Paige

Fallacaro, who was out on the production planning team, Plaintiff would cover for her.  Upon

information and belief, no one was assigned to cover Plaintiff's job duties while she was out.  This

is evident to Plaintiff due to all the phone calls and texts she received while out on medical leave

regarding day to day operational questions.

31.     During the same meeting Plaintiff brought up her complaints of the harassment and

the retaliation she was subjected to by Ms. Porth.  Plaintiff brought up how Ms. Porth was

constantly dismissing her at meetings in front of everyone and stated it happened at a meeting earlier that day.  Ms. Porth responded, "I know I did, I'm sorry."

32.     Despite Plaintiff's complaint made to both her supervisor and HR Director, nothing was addressed and nothing changed as a result.

33.     In early July 2018 Plaintiff's back injury was added to her Workers' Compensation case.

34.     Directly after this last event, the Plaintiff received an extremely bad evaluation and a performance document (the annual evaluation) which was below target.  The individual that did her evaluation was not the person the Plaintiff was reporting to.  At no time prior was Plaintiff ever warned her performance was not satisfactory or decreasing from years before.  Plaintiff felt targeted and feared for her job.  This was the first time Plaintiff ever received a poor evaluation during her employment.

35.     In early July 2018, Plaintiff had another meeting with Mr. DiCerbo in which he told her she would not receive a raise.  This was the first time during Plaintiff's employment she did not receive an annual raise.  Plaintiff brought up the fact that nothing was done after she made a complaint from the month prior and that Ms. Porth's treatment had remained the same.  Plaintiff advised to Mr. DiCerbo that her doctor prescribed anti-depressants due to the harassment she was enduring from Defendants.  Yet again, after making a verbal complaint to Mr. DiCerbo, nothing was done to address Plaintiff's complaints.

36.     In early July 2018 Val Salatino, Sr. Human Resource Business Partner, stopped Plaintiff in the warehouse and said, "Linda, really? You added your back to the comp case?" He did this in a degrading tone and added, "Really Linda, your back is an issue now?"  Plaintiff felt demeaned, belittled, and this further exacerbated her mental well-being.  Again, this comment was

made by Defendant's Human Resources representative.  This would clearly be dissuasive of asking

for accommodation or making complaints of failure to accommodate.

37.     Thus, after making multiple complaints to Mr. DiCerbo with no action taken and

now the comment by Ms. Salatino, Plaintiff felt dissuaded and now had nowhere else to turn to

file an internal complaint of discrimination.

38.     On July 26, 2018 further retaliation occurred as Plaintiff was nor rated as below

target in her review and received a performance document again.  In an email Ms. Porth brought

up issues about long lunches.  However, Plaintiff had not taken a lunch since June 7th and did not

understand why, if Defendant had an issue with her lunches prior to this, it was only being brought

up now, a month and a half since the last time she was able to take a lunch.

39.     On August 17, 2018 Plaintiff went to work the day after receiving an epidural.

Plaintiff was in such severe pain that she should not have gone in, but knew she had to cover Paige

Fallacaro's job on her own.

40.     On August 21, 2018 Plaintiff met again with Mr. DiCerbo.  Plaintiff told him that

Ms. Porth has only communicated through emails with her now and that she has cancelled most of

their one-on-one meetings which action caused significant delays in the completion of documents

and projects.  Plaintiff advised Mr. DiCerbo how difficult it was for her on August 17th due to the

pain she was in and having to cover all of Ms. Fallacaro's job duties as well as her own.

41.     In September 2018 Plaintiff noticed that Ms. Porth was now contacting her team

directly.  Plaintiff only learned of this from her team advising her when Ms. Porth had called or

emailed them.

42.     On September 28, 2018 Plaintiff finally had a one-on-one meeting with Ms. Porth.

Again, these meeting were supposed to be weekly.  However with Ms. Porth canceling these

meetings, they became sporadic at best.  At one point when she cancelled a meeting Ms. Porth did not advise Plaintiff but just left a note on her door.

43.     During this meeting Ms. Porth advised the purpose of the meeting was to go over the projects Plaintiff had been working on.  However, Mr. DiCerbo was also in the meeting and it turned out that the true intention was to do a sixty (60) day review from Plaintiff's expectation document on July 26th.  Plaintiff was purposely blindsided by Respondents.  Plaintiff was given all scolding reviews.  However, some of the reviews were in relation to projects that were not even hers.  There was no kind of performance improvement plan or any progressive discipline.

44.     On October 15, 2018, Plaintiff was terminated for poor performance.

## FIRST CAUSE OF ACTION:
### Unlawful Discrimination Based On Disability In Violation of the Americans with Disabilities Act.  42 U.S.C. 12101 et. seq.

45.     Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

46.     Defendant's actions were willful and not done in good faith.

47.     As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

48.     Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

## SECOND FIRST CAUSE OF ACTION:
### Unlawful Discrimination Based On Disability In Violation of the Rehabilitation Act. 29 U.S.C. 794 et. seq.

49. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

50. Defendant's actions were willful and not done in good faith.

9

51. As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

52. Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

## THIRD CAUSE OF ACTION:
### Retaliation In Violation of the Americans With Disabilities Act. 42 U.S.C. 12101 et. seq.

53. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

54. Defendant's actions were willful and not done in good faith.

55. As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

56. Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION:
### Retaliation In Violation of the Rehabilitation Act. 29 U.S.C. 794

57. Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

58. Defendant's actions were willful and not done in good faith.

59. As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

60. Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION:**
**Unlawful Discrimination Based On Age In Violation of the Age Discrimination in Employment Act (ADEA).  29 U.S.C. 621 *et. seq.***

61.     Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

62.     Defendant's actions were willful and not done in good faith.

63.     As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

64.     Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION:**
**Unlawful Discrimination Based On Sex In Violation of Title VII, 42 U.S.C 2000e et. seq.**

65.     Plaintiff repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

66.     Defendant's actions were willful and not done in good faith.

67.     As a result of Defendant's conduct, Plaintiff suffered great emotional harm.

68.     Plaintiff is therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests from this Court the following relief:

A.     A judgment that the defendant violated the Plaintiff's rights under the Americans with Disabilities Act and Awarding the Plaintiff compensation for economic damages incurred as a result of terminating him;

11

B.       A judgment that the defendant violated the Rehabilitation Act;

C.       Awarding Plaintiff compensatory damages in an amount to be determined at trial;

D.       Defendant to pay all medical costs incurred by Plaintiff as a result of the stress

and anxiety resulting from the discrimination he suffered and the failure to accommodate his

disabilities, including any and all diagnostic analysis, treatment and therapy, and follow up

therapy.

E.       Defendant to pay Plaintiff the costs and disbursements of this action, together

with reasonable attorneys' fees;

F.       Plaintiff to have such other and further relief as this Court deems just and

equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by

jury of all issues properly trial by jury in this action.


Dated:          December 3, 2020

Respectfully Submitted,
Plaintiff
By Her Attorneys


 /s/  Lindy Korn                            /s/ Charles L. Miller, II
LINDY KORN, ESQ.                  CHARLES L. MILLER, II, ESQ.
Attorney for Plaintiff                    Attorney for Plaintiff
Law Office of Lindy Korn, PLLC    Law Office of Lindy Korn, PLLC
Electric Tower, Ninth Floor            Electric Tower, Ninth Floor
535 Washington Street                   535 Washington Street
Buffalo, New York 14203             Buffalo, New York 14203
716-856-5676                               716-856-5676
716-507-8475 (facsimile)            716-507-8475 (facsimile)
E-Mail: lkorn@lkorn-law.com        E-mail: cmiller@lkorn-law.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**Buffalo Division**

---

LINDA M. JOHANSEN,

                                        PLAINTIFF,                    **VERIFICATION**

                    V.

HARLEQUIN HDC,

                                        DEFENDANT.

---

Plaintiff, Linda M. Johansen, under penalty of perjury, deposes and says:


I have read the attached Complaint captioned in this matter and find it to be true to her personal

knowledge, except as to matters alleged upon information and belief, which I believe to be true.


                                                                    _Linda M. Johansen_
                                                                    Linda M. Johansen

Sworn before me on this ⟨2nd⟩ day of December, 2020


_Lindy Sue Korn_
            Notary Public

